E-FILED
Friday, 19 February, 2021 08:39:06 AM
Clerk, U.S. District Court, ILCD

14,15,APPEAL,CLOSED,PROSE,REFER

**SHORT RECORD**
**NO. 21-1312**
**FILED 02/19/2021**

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Peoria)
### CIVIL DOCKET FOR CASE #: 1:20−cv−01280−JBM−JEH

| | |
|---|---|
| Muir v. United States Transportation Security Administration et al | Date Filed: 07/31/2020 |
| | Date Terminated: 01/22/2021 |
| Assigned to: Judge Joe Billy McDade | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Jonathan E. Hawley | Nature of Suit: 440 Civil Rights: Other |
| Cause: 42:1983 Prisoner Civil Rights | Jurisdiction: Federal Question |

**Plaintiff**

**Michael Gibson Muir**                    represented by    **Michael Gibson Muir**
19 Inglewood Lane
Bloomington, IL 61704
712−309−6121
PRO SE

V.

**Defendant**

**United States Transportation Security**        represented by    **Kimberly A Klein**
**Administration**                                       US ATTORNEY
Suite 400
One Technology Plaza 211 Fulton Street
Peoria, IL 61602
(309) 671−7361
Email: Kimberly.Klein@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**David P Pekoske**                        represented by    **Kimberly A Klein**
*Administrator, U.S. TSA, in his individual*                      (See above for address)
*capacity*                                                        *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**L3Harris Technologies, Inc.**            represented by    **Christopher J Raistrick**
*A Deleware for−profit corporation*                              ADLER MURPHY & MCQUILLEN LLP
Suite 2500
20 South Clark Street
Chicago, IL 60063
312−345−0700
Fax: 312−345−9860
Email: craistrick@amm−law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael G McQuillen**
ADLER MURPHY & MCQUILLEN LLP
Suite 2500
20 South Clark Street
Chicago, IL 60063
312−345−0700
Fax: 312−345−9860
Email: mmcquillen@amm−law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard C Harris**
ADLER MURPHY & MCQUILLEN LLP
Suite 2500
20 S Clark Street
Chicago, IL 60603
312−345−0700
Fax: 312−345−9860
Email: rharris@amm−law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Allegiant Air, LLC**                    represented by  **Keith S Yamaguchi**
*A Nevada Company*                                        KMA ZUCKERT LLC
                                                          Suite 1600
                                                          200 W. Madison St.
                                                          Chicago, IL 60606
                                                          312−345−3067
                                                          Fax: 312−345−3119
                                                          Email: kyamaguchi@kmazuckert.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Marnie A Holz**
KMA ZUCKERT LLC
16th Floor
200 W. Madison St.
Chicago, IL 60606
312−345−3000
Fax: 312−345−3119
Email: mholz@kmazuckert.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas C Sokol**
KAPLAN MASSAMILLIO &
ANDREWS LLC
16th Floor
200 W Madison Street
Chicago, IL 60606
(312) 345−3000
Fax: 312−345−3119

Email: tsokol@kmazuckert.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chad F Wolf**                                    represented by  **Kimberly A Klein**
*Secretary , United States Department of*                         (See above for address)
*Homeland Security , in his official*                             *LEAD ATTORNEY*
*capacity*                                                        *ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|------------|---|------|-------------|
| 07/31/2020 | 1 | | COMPLAINT against L3Harris Technologies, Inc., David P Pekoske, United States Transportation Security Administration, filed by Michael Gibson Muir.(JRK, ilcd) (Entered: 07/31/2020) |
| 07/31/2020 | 2 | | Filing fee: $400, receipt number 20−06 (JRK, ilcd) (JRK, ilcd). (Entered: 07/31/2020) |
| 07/31/2020 | 3 | | Summons Issued as to All Defendants. (JRK, ilcd) (Entered: 07/31/2020) |
| 08/10/2020 | 4 | | CERTIFICATE OF SERVICE by Michael Gibson Muir (AEM, ilcd) (Entered: 08/10/2020) |
| 08/10/2020 | 5 | | SUMMONS Returned Executed by Michael Gibson Muir. L3Harris Technologies, Inc. served on 8/7/2020, answer due 8/28/2020. (AEM, ilcd) (Entered: 08/10/2020) |
| 08/12/2020 | 6 | | Plaintiff's Request for Judicial Notice By Plaintiff Michael Muir. (AEM, ilcd) (Entered: 08/12/2020) |
| 08/17/2020 | 7 | | MOTION to Strike 5 Summons Returned Executed (21 days to answer) by Plaintiff Michael Gibson Muir. Responses due by 8/31/2020 (FDS, ilcd) (Entered: 08/17/2020) |
| 08/18/2020 | | | TEXT ORDER: The Plaintiff filed a Motion to Strike Insufficient Service of Process 7 in which he states that service on Defendant L3Harris Technologies, Incorporated was in fact insufficient because he served the wrong registered agent for that Defendant. The Court construes the Motion as summons returned UNEXECUTED as to Defendant L3Harris Technologies, Incorporated and thus a request for alias summons to be issued to that Defendant. The request 7 is GRANTED. The Plaintiff is directed to contact the Clerk with the corrected information as to Defendant L3Harris Technologies, Incorporated so that the Clerk can prepare an alias summons. Once he receives the alias summons from the Clerk, the Plaintiff must serve it in accordance with Federal Rule of Civil Procedure 4. The Clerk is directed to vacate Defendant L3Harris Technologies, Incorporated's answer deadline. Entered by Magistrate Judge Jonathan E. Hawley on 8/18/2020. (KZ, ilcd) (Entered: 08/18/2020) |
| 08/18/2020 | 8 | | Alias Summons Issued as to L3Harris Technologies, Inc. (FDS, ilcd) (Entered: 08/18/2020) |

| 08/25/2020 | 9 | | MOTION filed as Plaintiff's Request for Judicial Notice by Plaintiff Michael Gibson Muir. Responses due by 9/8/2020 (FDS, ilcd) (Entered: 08/26/2020) |
| 08/31/2020 | 10 | | ALIAS SUMMONS Returned Executed by Michael Gibson Muir. L3Harris Technologies, Inc. served on 8/24/2020, answer due 9/14/2020. (FDS, ilcd) (Entered: 09/01/2020) |
| 09/02/2020 | 11 | | ORDER entered by Judge Joe Billy McDade on 9/2/20. IT IS ORDERED that Plaintiff's Requests for Judicial Notice Docs. 6 and 9 are DENIED. SEE FULL WRITTEN ORDER. (FDS, ilcd) (Entered: 09/02/2020) |
| 09/04/2020 | 12 | | FIRST AMENDED COMPLAINT against All Defendants, filed by Michael Gibson Muir.(AEM, ilcd) Modified on 10/5/2020 to amend the filing date to 9/4/20 pursuant to the 10/5/20 Text Order.(FDS, ilcd). (Entered: 09/08/2020) |
| 09/08/2020 | 13 | | Summons Issued as to Allegiant Air, LLC, Chad F Wolf. (AEM, ilcd) (Entered: 09/08/2020) |
| 09/16/2020 | 14 | | SUMMONS Returned Executed by Michael Gibson Muir. Allegiant Air, LLC served on 9/14/2020, answer due 10/5/2020. (AEM, ilcd) (Entered: 09/16/2020) |
| 09/17/2020 | 15 | | SUMMONS Returned Executed by Michael Gibson Muir. David P Pekoske served on 9/15/2020, answer due 10/6/2020. (FDS, ilcd) (Entered: 09/17/2020) |
| 09/23/2020 | 16 | | Alias Summons Issued as to L3Harris Technologies, Inc., David P Pekoske, United States Transportation Security Administration. (Attachments: # 1 L3Harris Technologies, # 2 TSA)(JRK, ilcd) (Entered: 09/23/2020) |
| 09/28/2020 | 17 | | Plaintiff's Combined MOTION to Strike Insufficient Service of Process, MOTION to Correct Docket Entry No. 12,MOTION for Extension of Time to Serve All Defendant's and Plaintiff's Motion for a Waiver by Plaintiff Michael Gibson Muir. Responses due by 10/13/2020 (JS, ilcd) (Entered: 09/28/2020) |
| 09/29/2020 | 18 | | NOTICE of Appearance of Attorney by Thomas C Sokol on behalf of Allegiant Air, LLC (Sokol, Thomas) (Entered: 09/29/2020) |
| 09/29/2020 | 19 | | MOTION for Extension of Time to File Response/Reply as to 12 Amended Complaint by Defendant Allegiant Air, LLC. Responses due by 10/13/2020 (Attachments: # 1 Text of Proposed Order Proposed Order)(Sokol, Thomas) (Entered: 09/29/2020) |
| 09/30/2020 | 20 | | NOTICE of Appearance of Attorney by Kimberly A Klein on behalf of David P Pekoske, United States Transportation Security Administration (Klein, Kimberly) (Entered: 09/30/2020) |
| 09/30/2020 | | | TEXT ORDER granting 19 Motion for Extension of Time to File Response to Amended Complaint. Allegiant Air, LLC answer due 11/4/2020. Entered by Magistrate Judge Jonathan E. Hawley on 9/30/20. (WG, ilcd) (Entered: 09/30/2020) |
| 09/30/2020 | 21 | | MOTION for Extension of Time to File Answer re 12 Amended Complaint by Defendants David P Pekoske, United States Transportation Security Administration. Responses due by 10/14/2020 (Klein, Kimberly) (Entered: 09/30/2020) |
| 10/01/2020 | | | TEXT ORDER granting 21 Motion for Extension of Time to Answer. Defendants David P Pekoske and United States Transportation Security |

| | | | |
|---|---|---|---|
| | | | Administration answer due 11/13/2020. Entered by Magistrate Judge Jonathan E. Hawley on 10/1/20. (WG, ilcd) (Entered: 10/01/2020) |
| 10/05/2020 | | | TEXT ORDER: The Court has reviewed the Plaintiff's Combined Motion to Strike Insufficient Service of Process as Summons Returned Unexecuted and Plaintiff's Motion to Correct Docket Entry No. 12 Due to a Discrepancy with Central District of Illinois Sixth Amended General Order 20−01 and Plaintiff's Motion for an Extension of Time to Serve all Defendants and Plaintiff's Motion for a Waiver from the Requirement to Certify Insufficient Service of Process Upon Defendant United States Transportation Security Administration 17 . In his Motion, the Plaintiff represents that he filed his First Amended Complaint and Demand for Jury Trial 12 in the Clerk's Office drop box located inside the Peoria federal courthouse on Friday, 9/4/2020 at 3:33 p.m. He says he stamped the back of the last page of that document, sealed it in a court provided envelope, and placed it in the drop box. The Clerk's Office stamped Document 12 as filed the following Tuesday, 9/8/2020 (that Monday, 9/7/2020, was a federal holiday and the courthouse was closed) and docketed Document 12 as filed on that date. While the back of the last page was not scanned into the record, the Court has no reason to disbelieve the Plaintiff's representations. Accordingly, the Clerk is directed to correct the docket to reflect the First Amended Complaint 12 was filed on 9/4/2020. To the extent the Plaintiff requests the Court change the docket to indicate certain summons returned as unexecuted based upon the incorrect filing date of the First Amended Complaint, that request is denied as MOOT. Attorneys for Defendants Allegiant Air, LLC, David Pekoske, and the U.S. Transportation Security Administration (TSA) have now entered their appearances. Moreover, the filing date of the original Complaint was the relevant one insofar as the timeliness of serving Defendants Pekoske and the U.S. TSA, and the Plaintiff served Defendant Allegiant Air, LLC well within 90 days from the time he filed his Amended Complaint in which he added Allegiant Air. The docket reflects that only Defendant Chad F. Wolf has not yet been served. The Court grants an extension of time to serve that Defendant to 12/4/2020. Finally, to the extent the Plaintiff requests the Court waive "the requirement to certify insufficient service of process upon Defendant United States [TSA]," the Court notes that there is currently no challenge to the service made on upon Defendant U.S. TSA. The Court further notes that a prima facie showing of proper service requires a signed return of service naming the recipient and specifying when and where service occurred. Relational, LLC v. Hodges, 627 F.3d 668, 672 (7th Cir. 2010). The Plaintiff's Motion 17 is GRANTED IN PART only insofar as he requests an extension of time to serve Defendant Chad F. Wolf. He must serve that Defendant by 12/1/2020. The remainder of the Plaintiffs Motion 17 is DENIED. Entered by Magistrate Judge Jonathan E. Hawley on 10/5/20. (FDS, ilcd) (Entered: 10/05/2020) |
| 10/08/2020 | 22 | | NOTICE of Appearance of Attorney by Marnie A Holz on behalf of Allegiant Air, LLC (Holz, Marnie) (Entered: 10/08/2020) |
| 10/23/2020 | 23 | | NOTICE of Appearance of Attorney by Keith S Yamaguchi on behalf of Allegiant Air, LLC (Yamaguchi, Keith) (Entered: 10/23/2020) |
| 11/02/2020 | 24 | | SUMMONS Returned Executed by Michael Gibson Muir. L3Harris Technologies, Inc. served on 10/9/2020, answer due 10/30/2020. (FDS, ilcd) (Entered: 11/02/2020) |

| 11/02/2020 | 25 | | MOTION for Entry of Default by Plaintiff Michael Gibson Muir. Responses due by 11/16/2020 (Attachments: # 1 Memorandum in Support # 2 Proposed Order)(FDS, ilcd) (Entered: 11/02/2020) |
|---|---|---|---|
| 11/03/2020 | 26 | | NOTICE of Appearance of Attorney by Christopher J Raistrick on behalf of L3Harris Technologies, Inc. (Raistrick, Christopher) (Entered: 11/03/2020) |
| 11/03/2020 | 27 | | NOTICE of Appearance of Attorney by Richard C Harris on behalf of L3Harris Technologies, Inc. (Harris, Richard) (Entered: 11/03/2020) |
| 11/03/2020 | 28 | | NOTICE of Appearance of Attorney by Michael G McQuillen on behalf of L3Harris Technologies, Inc. (McQuillen, Michael) (Entered: 11/03/2020) |
| 11/03/2020 | 29 | | RESPONSE to Motion re 25 MOTION for Entry of Default filed by Defendant L3Harris Technologies, Inc.. (Harris, Richard) (Entered: 11/03/2020) |
| 11/04/2020 | | | TEXT ORDER denying 25 the Plaintiff's Request for Entry of Default Against Defendant L3Harris Technologies, Inc. (L3). Fed. R. Civ. P. 55(a) provides that, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Given that counsel for Defendant L3 has now appeared in this case and given the representations made in L3's Response in Opposition 29 , the Court finds Defendant L3 has not failed to "otherwise defend." See Sun v. Bd. of Trs. of Univ. of Ill., 473 F.3d 799, 811 (7th Cir. 2007) ("This Circuit has a well established policy favoring a trial on the merits over a default judgment"). The Request for Entry of Default 25 is therefore DENIED. Defendant L3's answer or other responsive pleading is due by 11/18/2020. Entered by Magistrate Judge Jonathan E. Hawley on 11/4/2020. (KZ, ilcd) (Entered: 11/04/2020) |
| 11/04/2020 | 30 | | MOTION for Judgment on the Pleadings *Pursuant to Rule 12(c) and Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6)* by Defendant Allegiant Air, LLC. Responses due by 11/18/2020 (Attachments: # 1 Text of Proposed Order [Proposed] Order Granting Defendant Allegiant Air, LLC's Motion)(Holz, Marnie) (Entered: 11/04/2020) |
| 11/04/2020 | 31 | | MEMORANDUM in Support re 30 MOTION for Judgment on the Pleadings *Pursuant to Rule 12(c) and Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6)* filed by Defendant Allegiant Air, LLC. (Attachments: # 1 Exhibit A, # 2 Certificate of Compliance with Type Volume Limitations, # 3 Certificate of Service)(Holz, Marnie) (Entered: 11/04/2020) |
| 11/04/2020 | 32 | | RULE 12(C) NOTICE entered re 30 MOTION for Judgment on the Pleadings *Pursuant to Rule 12(c) and Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6)* (FDS, ilcd) (Entered: 11/04/2020) |
| 11/10/2020 | 33 | | MOTION to Dismiss by Defendants David P Pekoske, United States Transportation Security Administration, Chad F Wolf. Responses due by 11/24/2020 (Klein, Kimberly) (Entered: 11/10/2020) |
| 11/13/2020 | 34 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Brief in Support* by Defendant David P Pekoske. Responses due by 11/27/2020 (Klein, Kimberly) (Entered: 11/13/2020) |
| 11/13/2020 | 35 | | RULE 12(C) NOTICE entered re 34 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Brief in Support* (FDS, ilcd) (Entered: 11/13/2020) |

| | | | |
|---|---|---|---|
| 11/18/2020 | 36 | | RESPONSE to Motion re 30 Motion for Judgment on Pleadings Pursuant to Rule 12(c) and Motion to Dismiss for Failure to State a Claim & Brief in Support (filed as Plaintiff's Motion in Opposition to Defendant Allegiant Air, LLC's Rule 12(c) Motion for Judgment on the Pleadings and Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim & Brief in Support) filed by Plaintiff Michael Gibson Muir. (FDS, ilcd) Modified on 11/18/2020 to link the response to 30 motion. (FDS, ilcd). (Entered: 11/18/2020) |
| 11/18/2020 | 37 | | MOTION to Dismiss by Defendant L3Harris Technologies, Inc.. Responses due by 12/2/2020 (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Certificate of Compliance)(Harris, Richard) (Entered: 11/18/2020) |
| 11/24/2020 | 38 | | RESPONSE IN OPPOSITION TO FEDERAL DEFENDANTS MOTION TO DISMISS PLAINTIFFS FIRST AMENDED COMPLAINT & BRIEF IN SUPPORT regarding 33 MOTION TO DISMISS filed by Plaintiff Michael Gibson Muir. (ANW, ilcd) Modified on 11/25/2020 to reflect motion number 33 not 34(ANW, ilcd). (Entered: 11/24/2020) |
| 11/27/2020 | 39 | | MOTION for Leave to File *Reply in Support of Its Rule 12(c) Motion for Judgment on the Pleadings and Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim* by Defendant Allegiant Air, LLC. Responses due by 12/11/2020 (Attachments: # 1 Exhibit A)(Holz, Marnie) (Entered: 11/27/2020) |
| 11/27/2020 | 40 | | RESPONSE to Motion re 34 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Brief in Support* filed as Plaintiff's Motion in Opposition to Defendant David P. Pekoske's Motion to Dismiss Defendant David P. Pekoske in His Individual Capacity & Brief in Support filed by Plaintiff Michael Gibson Muir. (FDS, ilcd) (Entered: 11/30/2020) |
| 11/30/2020 | | | TEXT ORDER granting 39 Motion for Leave to File entered by Judge Joe Billy McDade on 11/30/2020. The Clerk is directed to docket Defendant Allegiant Air's exhibit as its Reply. (EWL, ilcd) (Entered: 11/30/2020) |
| 12/01/2020 | 41 | | REPLY to 36 Response to 30 MOTION for Judgment on the Pleadings *Pursuant to Rule 12(c) and Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6)* filed by Defendant Allegiant Air, LLC. (JRK, ilcd) (Entered: 12/01/2020) |
| 12/02/2020 | 42 | | RESPONSE in Opposition to Defendant L3Harris Technologies, Inc.'s Motion to Dismiss & Brief in Support re 37 MOTION to Dismiss filed by Plaintiff Michael Gibson Muir. (FDS, ilcd) (Entered: 12/02/2020) |
| 12/17/2020 | 43 | | MOTION for Leave to File *Reply Brief and Inadvertently Omitted Exhibit* by Defendant L3Harris Technologies, Inc.. Responses due by 12/31/2020 (Attachments: # 1 Affidavit Inadvertently Omitted, # 2 Reply Brief)(Harris, Richard) (Entered: 12/17/2020) |
| 01/04/2021 | | | TEXT ORDER granting 43 Motion for Leave to File entered by Judge Joe Billy McDade on 1/4/2021. Seeing no objection, the Clerk is directed to docket Defendant's exhibit and Reply. (EWL, ilcd) (Entered: 01/04/2021) |
| 01/05/2021 | 44 | | Exhibit re 37 MOTION to Dismiss by L3Harris Technologies, Inc. (Attachments: # 1 Part 2)(FDS, ilcd) (Entered: 01/05/2021) |
| 01/05/2021 | 45 | | |

| | | | REPLY to Response to Motion re 37 MOTION to Dismiss filed by Defendant L3Harris Technologies, Inc. (FDS, ilcd) (Entered: 01/05/2021) |
|---|---|---|---|
| 01/22/2021 | 46 | 10 | ORDER AND OPINION entered by Judge Joe Billy McDade on 1/22/2021. IT IS THEREFORE ORDERED that: <br><br> 1. Defendant Allegiant Air's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) and Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) (doc. 30) is GRANTED; Defendant Allegiant Air is granted judgment on the pleadings with respect to Counts XV, XVI, and XVII, and Counts XVIII, XIX, and XX are DISMISSED WITH PREJUDICE. <br><br> 2. The Federal Defendant's Motion to Dismiss (doc. 33) is GRANTED; Counts I, II, III, and IV are DISMISSED WITH PREJUDICE in part for want of subject matter jurisdiction and in part for failure to state a claim, and Counts V, VI, VII, VIII, and XXI are DISMISSED for want of subject matter jurisdiction. <br><br> 3. Defendant Pekoske's Motion to Dismiss for Failure to State a Claim (doc. 34) is DENIED AS MOOT. <br><br> 4. Defendant L3's Motion to Dismiss (doc. 37) is GRANTED; Counts IX, X, XI, XII, XIII, and XIV are DISMISSED WITH PREJUDICE. <br><br> This matter is terminated, and judgment shall enter in favor of all defendants. See full written Order. CIVIL CASE TERMINATED.(VH, ilcd) (Entered: 01/22/2021) |
| 01/25/2021 | 47 | 50 | JUDGMENT IN A CIVIL CASE. (JS, ilcd) (Entered: 01/25/2021) |
| 02/19/2021 | 48 | 9 | NOTICE OF APPEAL as to 46 Order on Motion for Judgment on the Pleadings by Michael Gibson Muir. (FDS, ilcd) (Entered: 02/19/2021) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| MICHAEL GIBSON MUIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 1:20-cv-01280** |
| | ) | |
| UNITED STATES TRANSPORTATION | ) | |
| SECURITY ADMINISTRATION; DAVID P. | ) | |
| PEKOSKE, Administrator, United States | ) | |
| Transportation Security Administration, in his | ) | |
| individual capacity; L3HARRIS | ) | |
| TECHNOLOGIES, INC., a Delaware for-profit | ) | |
| corporation; ALLEGIANT AIR, LLC, a Nevada | ) | |
| company; CHAD F. WOLF, Secretary, United | ) | |
| States Department of Homeland Security, in his | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF APPEAL

I, Michael Gibson Muir, plaintiff, do hereby appeal the decision of this Court entered on January

25, 2021.

DATED: this 19th day of February, 2021

Respectfully submitted,

_____
s/Michael Gibson Muir
MICHAEL GIBSON MUIR

MICHAEL GIBSON MUIR
19 Inglewood Lane
Bloomington, IL 61704
(712) 309-6121

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

|  |  |  |
|---|---|---|
| MICHAEL GIBSON MUIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-01280 |
| | ) | |
| UNITED STATES TRANSPORTATION | ) | |
| SECURITY ADMINISTRATION; DAVID | ) | |
| P. PEKOSKE, *in his individual capacity*; | ) | |
| L3HARRIS TECHNOLOGIES, INC.; | ) | |
| ALLEGIANT AIR, LLC; CHAD F. WOLF, | ) | |
| *in his official capacity as United States* | ) | |
| *Department of Homeland Security*; | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER AND OPINION

This Matter is before the Court on multiple motions to dismiss. Defendant Allegiant Air, LLC, has filed a Motion for Judgment on the Pleadings Pursuant to Rule 12(c) and Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6). (Docs. 30, 31). Defendants United States Transportation Security Administration (TSA), David P. Pekoske, and Chad. F. Wolf (collectively, "Federal Defendants") have filed a joint Motion to Dismiss (doc. 33); Defendant David P. Pekoske has also filed, in his individual capacity, a separate Motion to Dismiss for Failure to State a Claim (doc. 34). And Defendant L3Harris Technologies, Inc. (L3), has filed a Motion to Dismiss. (Doc. 37). All motions have been fully briefed and are therefore ripe for review.

## BACKGROUND[1]

Plaintiff claims he was psychologically and physically injured as a result of two encounters with Defendant TSA. (Doc. 12). On August 9, 2018, Defendant presented at the Phoenix-Mesa Gateway Airport in Mesa, Arizona, for mandatory pre-flight screening. (Doc. 12 at 5). While Plaintiff was in the "hands-up" position during the body scan portion of the screening, his hernia at his right groin became symptomatic; TSA officials informed Plaintiff that the body scan revealed an anomaly at Plaintiff's right groin, necessitating a pat-down search. (Doc. 12 at 5–7). Plaintiff ordered the TSA officials not to touch his right groin because he was experiencing a serious medical emergency and "being touched at his right groin would result in extreme physical pain and could endanger his life." (Doc. 12 at 7). The TSA officials persisted, and Plaintiff—against his will—submitted to the pat-down search. (Doc. 12 at 7).

On August 12, 2018, Plaintiff presented at the Peoria International Airport in Peoria, Illinois, for mandatory pre-flight screening. (Doc. 12 at 8). Plaintiff's hernia again became symptomatic during the body scan, and TSA officials again required a physical pat-down of Plaintiff's right groin. (Doc. 12 at 8–11). Plaintiff again ordered the TSA officials not to touch his right groin because he was experiencing a serious medical emergency and physical contact "would result in immediate and extreme physical pain." (Doc. 12 at 10). He offered to instead lower his pants and underwear to show the TSA officials his hernia; the TSA officials declined and required the pat-

---

[1] The facts in this section are derived from the First Amended Complaint and are taken as true in resolving the instant motions.

down search. Plaintiff again reluctantly submitted to the pat down, desperate to end

the interaction. (Doc. 12 at 11). As a result of these two incidents, Plaintiff suffers

"severe ongoing psychological distress and disturbing physical manifestations." (Doc.

12 at 11).

LEGAL STANDARDS

The various motions for dismissal invoke multiple legal standards.

A.     *Federal Rules of Civil Procedure 12(b)(6) and 12(c) – Failure to State a Claim and Judgment on the Pleadings*

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules

of Civil Procedure is governed by the same standards as a motion to dismiss for failure

to state a claim under Rule 12(b)(6)." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325

(7th Cir. 2015) (quoting *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir.

2014)). To survive dismissal pursuant to Rule 12(b)(6), the complaint must contain a

short and plain statement of the plaintiff's claim sufficient to plausibly demonstrate

entitlement to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A

plaintiff is not required to anticipate defenses or plead extensive facts or legal

theories; rather, the complaint need only contain enough facts to present a story that

holds together. *Twombly*, 550 U.S. at 570; *Swanson v. Citibank, N.A.*, 614 F.3d 400,

404 (7th Cir. 2010). The Seventh Circuit has consistently noted the essential function

of Rule 8(a)(2) is to put the defendant on notice. *Divane v. Nw. Univ.*, 953 F.3d 980,

987 (7th Cir. 2020) ("A complaint must give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." (internal quotation marks omitted)).

On review of a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). This means the Courts accepts all well-pleaded factual allegations as true and draws all reasonable inferences from those facts in favor of the plaintiff. *Id*. Allegations that are, in reality, legal conclusions are not taken as true and cannot survive a Rule 12(b)(6) challenge. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012). Moreover, *pro se* complaints must be construed liberally and held to a "less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). *(*quoting *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)).

B.  *Federal Rule of Civil Procedure 12(b)(1) – Subject Matter Jurisdiction*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *United States v. Alkaramla*, 872 F.3d 532, 534 (7th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Whether a case falls within the limited jurisdiction of the federal courts is both a constitutional and a statutory question. "[T]he Constitution imposes a ceiling, albeit a high one, on the potential jurisdiction of the federal courts" by "permit[ting] federal courts to hear only certain claims." *Int'l Union of Operating Eng'rs, Loc. 150, AFL-CIO v. Ward*, 563 F.3d 276, 280–81 (7th Cir. 2009); *see also* U.S. Const. art. III, § 2, cl. 1. Congress has the authority "to further refine the actual scope of federal jurisdiction" because federal

jurisdiction must be exercised pursuant to a statutory grant. *Id.* Thus both the Constitution and federal statutory law "must authorize a federal court to hear a given type of case" for federal jurisdiction to lie. *Id.* at 280.

There are two types of jurisdictional challenges: facial and factual. "Facial challenges require only that the court look to the complaint and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (emphasis omitted). "In reviewing a facial challenge, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). "In contrast, a factual challenge lies where the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction." *Apex Digit.*, 572 F.3d at 444 (internal quotation marks omitted). In such cases, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* In any event, the plaintiff "bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586. 588–89 (7th Cir. 2014).

**DISCUSSION**

The Court will address each motion to dismiss in turn.

## I.    Defendant Allegiant Air's Motion to Dismiss

Defendant Allegiant Air argues Plaintiff's allegations against it, set forth in Counts XV–XX of the First Amended Complaint (doc. 12 at 20–24), are time-barred

5

and fail to state a claim. (Doc. 31 at 5). Plaintiff's Response argues (1) his claims survive scrutiny under Rule 12(b)(6) and (2) the discovery rule—or, in the alternative, Defendant's fraudulent concealment of his claims—operated to toll the statute of limitations, rendering his claims timely. (Doc. 36 at 13–30). The Court granted Defendant Allegiant Air leave to file a Reply, which argued, *inter alia*, much of Plaintiff's Response should be disregarded as an impermissible attempt to amend the operative Complaint. (Doc. 41 at 2–3).

While it is indeed "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss" *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984), it is likewise settled law that "facts alleged . . . in a brief in opposition to a motion to dismiss may be considered when evaluating the sufficiency of a complaint so long as they are consistent of the allegations in the complaint," *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) (internal quotation marks omitted). Furthermore, "a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017) (internal quotation marks omitted). Rather, "dismissal at this early stage is appropriate when the complaint alleges facts sufficient to establish that the suit is indeed tardy." *Id.*; *see also Am. Family Mut. Ins. Co. v. Krop*, 2018 IL 122556, ¶ 21, 120 N.E.3d 982, 988, *reh'g denied* (Nov. 26, 2018) ("When a complainant should have discovered an injury is a question of fact, but this court can determine when the limitations period began if the facts are

undisputed and only one answer is reasonable.").[2] With these principles in mind, the Court will consider "new" facts relating to the statute-of-limitations dispute that are consistent with the allegations in the First Amended Complaint to determine whether Plaintiff has "plead[ed] himself out of court," *see Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009).

A.   *Defendant Allegiant Air is Entitled to Judgment on the Pleadings with Respect to Counts XV–XVII Because They are Untimely*

Plaintiff's claims against Defendant Allegiant Air sound in tort[3]—specifically, personal injury—and the events giving rise to those claims occurred on August 9 and 12, 2018. (*See* doc. 12 at 5–11, 20–24). Illinois has a two-year statute of limitations

---

[2] "Under the familiar rule of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), we apply Illinois substantive law to resolve this question." *Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006) (citing *Guaranty Trust v. York*, 326 U.S. 99, 110 (1945) (holding statutes of limitations are considered substantive rather than procedural matters for purposes of the *Erie* doctrine)).

[3] Though couched in terms of various constitutional rights to privacy, due process, and freedom from unreasonable searches, Counts XV–XX sound in tort. Counts XV and XVIII allege negligence (doc. 12 at 21, 22), Counts XVI and XIX allege negligent infliction of emotional distress (NIED) (doc. 12 at 21, 23), and Counts XVII and XX allege intentional infliction of emotional distress (IIED) (doc. 12 at 22, 24). It appears Plaintiff claims Defendant Allegiant Air committing the alleged torts by infringing various constitutional rights. While a claim could conceivably sound in both tort and constitutional law, "[m]ost rights secured by the Constitution are protected only against infringement by governments, so . . . the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State." *Listecki v. Official Comm. of Unsecured Creditors*, 780 F.3d 731, 741 (7th Cir. 2015) (internal quotation marks omitted). Both the First Amended Complaint and Plaintiff's Response fail to explain how the actions of Defendant Allegiant Air, a private corporation, may be fairly attributable to a state government or to the federal government. Rather, Plaintiff's Response only discusses tort. The Court will therefore treat Plaintiff's claims as tort claims, not constitutional claims.

7

for personal injury claims. *See* 735 ILCS 5/13-202.[4] Yet, Defendant Allegiant Air was not named in this lawsuit until Plaintiff filed his First Amended Complaint on September 4, 2020, more than two years after the August 2018 events giving rise to Plaintiff's claims and therefore outside the limitations period.

### 1. Neither the Discovery Rule nor the Illinois Fraudulent Concealment Defense Toll the Statute of Limitations

Plaintiff first argues the limitations clock was tolled by operation of the discovery rule. (Doc. 36 at 13–15). According to Plaintiff, he did not discover he was injured "until the sudden and severe onset of symptoms of post-traumatic stress, including painful involuntary movements, panic attacks, paranoia and severe emotional distress brought on by the unwanted and unwelcome entry of the menacing presence [he] can only describe as the Shadow into his psyche in August 2019." (Doc. 36 at 13). He therefore argues the limitations period does not expire until sometime in August 2021. (Doc. 36 at 14). He also argues his duty to inquire whether he had a legal cause of action could have begun on June 6, 2019, when he had an encounter with TSA that did not result in a pat-down search. (Doc. 36 at 14–15). In support of

---

[4] As some events giving rise to Plaintiff's claims against Defendant Allegiant Air occurred in Arizona, there is a potential choice-of-law issue. However, neither party has identified a relevant conflict of laws—indeed, both Illinois and Arizona have a two-year statute of limitations for personal injury claims, Ariz. Rev. Stat. Ann. § 12-542—so the Court will apply the substantive law of Illinois where appropriate. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) ("Federal courts hearing state law claims under diversity or supplemental jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law."); *J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*, 965 F.3d 571, 577 n.1 (7th Cir. 2020) ("[W]hen neither party raises a conflict of law issue in a diversity case, a federal court should apply the law of the state in which it sits.").

his argument, Plaintiff cites *Knox Coll. v. Celotex Corp.*, 88 Ill. 2d 407, 415, 430

N.E.2d 976, 980 (1981).

In *Knox. Coll.*, the Illinois Supreme Court explained the discovery rule as

follows:

> The statute starts to run when a person knows or reasonably should
> know of his injury and also knows or reasonably should know that it was
> wrongfully caused. At that point the burden is upon the injured person
> to inquire further as to the existence of a cause of action.

*Id.* at 416 (quoting *Witherell v. Weimer*, 85 Ill. 2d 146, 156, 421 N.E.2d 869, 874

(1981)). In making this determination, the court must first consider whether the

alleged injury was the result of a "sudden, traumatic event," or became apparent only

after a "late or 'insidious' onset." *Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir.

2006). "[A] 'sudden, traumatic event' is one that, because of its force or violence,

permits the law to presume that the event immediately placed the plaintiff on notice

of her injury and a right of action." *Id.* "In insidious onset cases, by contrast, the

nature of the event does not permit the plaintiff to learn of her injury, or of the causal

link between the defendant's conduct and her injury, until some time after the event."

*Id.* Examples of insidious onset or latent injuries include those resulting from medical

malpractice or exposure to toxic products such as asbestos. *Golla v. Gen. Motors

Corp.*, 167 Ill. 2d 353, 366, 657 N.E.2d 894, 900 (1995).

"[W]here the plaintiff's injuries are caused by a sudden traumatic event, the

plaintiff's cause of action accrues when the injury occurred." *Golla*, 167 Ill. 2d at 361.

This is because "the nature and circumstances surrounding a traumatic event puts

an injured party on notice that actionable conduct might be involved," *id.* at 363, thus

triggering the plaintiff's duty to investigate. Moreover, a plaintiff's "alleged failure to fully discover the nature of his injuries" is insufficient to toll the limitations clock, for "[t]here is no requirement that a plaintiff must know the full extent of his or her injuries before suit must be brought under the applicable statute of limitations." *Doe v. Hastert*, 2019 IL App (2d) 180250, ¶ 34, *appeal denied*, 135 N.E.3d 558 (Ill. 2019) (internal quotation marks omitted). Conversely, in cases involving insidious onset or latent injuries, the discovery rule tolls "the running of the limitations period until the plaintiff either knew or reasonably should have known that he was injured and that the injury was wrongfully caused." *Golla*, 167 Ill. 2d at 366.

In *Hastert*, the plaintiff filed a lawsuit alleging battery, false imprisonment, NIED, and IIED based on a sexual assault which occurred while the plaintiff was a minor; however, the plaintiff did not file suit until more than 30 years after the claim accrued.[5] 2019 IL App (2d) 180250, ¶¶ 11, 13. The defendant moved for dismissal, arguing the claims were time-barred; the plaintiff argued, *inter alia*, he did not fully realize "his injuries and their relation to [defendant's] sexual assault on him as a child" until much later. *Id.* ¶ 23. The Illinois Appellate Court rejected the plaintiff's argument, concluding the plaintiff was aware of the abuse as it happened and his failure to realize the extent of his injuries within the limitations period was insufficient to toll the clock. *Id.* ¶¶ 33, 34; *see also Parks v. Kownacki*, 193 Ill. 2d 164,

---

[5] The same two-year statute of limitations applicable here also applied in *Hastert*. 2019 IL App (2d) 180250, ¶ 28. But because the plaintiff was a minor when the actionable conduct occurred, his claims did not accrue until his eighteenth birthday, meaning the statute of limitations expired two years thereafter. *See* 735 ILCS 5/13-211(a).

178, 737 N.E.2d 287, 295 (2000) ("Because . . . plaintiff was aware of both the cause and some injury, we hold that plaintiff's failure to understand the connection between the abuse and other injuries does not toll the statute of limitations."); *Clay v. Kuhl*, 189 Ill. 2d 603, 611, 727 N.E.2d 217, 222 (2000) ("We do not believe that the plaintiff's alleged failure to fully discover the nature of her injuries is sufficient to delay the running of the limitations period."); *Golla*, 167 Ill. 2d at 364 ("[O]ur cases adhere to the general rule that the limitations period commences when the plaintiff is injured, rather than when the plaintiff realizes the consequences of the injury or the full extent of her injuries.").

By arguing he was unaware the August 2018 incidents were abnormal until he had a noneventful interaction with TSA in June 2019, Plaintiff seems to assert his injuries fall into the category of cases involving insidious onset or latent injuries. The Court disagrees. Plaintiff's First Amended Complaint and Response describe two discrete, distressing events. Similar to *Hastert*, *Parks*, *Golla*, and *Clay*, there is no doubt Plaintiff was aware of the alleged misconduct when it occurred, and his allegations demonstrate he believed he was injured at that time.[6] Plaintiff alleges he experienced immediate physical pain during the pat downs and felt humiliated and desperate to escape the TSA checkpoints on both occasions (docs. 36 at 4; 12 at 6–11). Additionally, Plaintiff warned the TSA agents he would experience such pain if

---

[6] Though Plaintiff may arguably not have believed the alleged misconduct actionable at the time, "[t]he limitations period begins running even if the plaintiff does not know that the misconduct was actionable." *Parks*, 193 Ill. 2d at 176 (citing *Knox College*, 88 Ill. 2d at 415).

11

patted down on August 12, 2018; the fact that this warning followed a nearly identical scenario on August 8 suggests Plaintiff felt pain during the August 8 pat down. That Plaintiff did not realize the full extent of his psychological injuries until the onset of symptoms in August 2019 does not mean he did not know he was injured in August 2018.

The Court concludes this case falls in the sudden, traumatic event category. A reasonable person experiencing the type of trauma and injuries described by Plaintiff would be on notice "that actionable conduct might be involved" at the time the traumatic event occurred. S*ee Golla*, 167 Ill. 2d at 363. As Plaintiff was clearly aware of both the cause and some extent of his alleged injuries in August 2018, the Court sees no basis to stray from the Illinois Supreme Court's holdings in *Golla, Parks,* and *Clay.* Plaintiff's discovery rule argument fails.

Plaintiff next argues fraudulent concealment is a "relevant factor."[7] "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards." 735 ILCS 5/13-215. However, where the

---

[7] The Court presumes Plaintiff is arguing fraudulent concealment as a defense to the two-year statute of limitations. "Fraudulent concealment, as codified in section 13-215, is not a cause of action in and of itself; rather, it acts as an exception to the time limitations imposed on other, underlying causes of action." *Wisniewski v. Diocese of Belleville*, 406 Ill. App. 3d 1119, 1154, 943 N.E.2d 43, 72–73 (2011). At any rate, the First Amended Complaint does not allege an affirmative claim for fraudulent concealment against Defendant Allegiant Airlines, and Plaintiff may not use his Response to assert new claims. *Car Carriers*, 745 F.2d at 1107.

alleged injury is the result of a sudden, traumatic event, section 13-215 does not toll the statute of limitations because the injured party is on notice of his or her right to sue at the time of injury. *Lowe v. Ford Motor Co.*, 313 Ill. App. 3d 418, 422, 730 N.E.2d 58, 61 (2000). Because Plaintiff's alleged injuries were the result of sudden, traumatic events, he cannot invoke section 13-215 to toll the statute of limitations. Indeed, Illinois "courts have been clear that section 13-215 is applicable only where the concealment of a cause of action consisted of affirmative acts or representations *that prevent the discovery of the cause of action.*" *Id.* (emphasis in original). The Court has concluded Plaintiff should have been aware of his injuries and their wrongful cause at the time he was injured in August 2018; any finding Defendant Allegiant Air thereafter prevented discovery of Plaintiff's claims would be a logical impossibility.

### 2. The First Amended Complaint Partially Relates Back to the Original Complaint

Defendant Allegiant Air argues the amendments in the First Amended Complaint adding it as a defendant and the several claims against it do not relate back to the original Complaint, which was filed on July 31, 2020, within the applicable two-year limitations period. (Doc. 31 at 7–8). Alternatively, Defendant Allegiant Air argues only the claims based on the August 12 screening can relate back because the August 9 screening, a wholly separate incident, was not detailed in the original Complaint. (Doc. 31 at 9 n.5). Curiously, Plaintiff declined to respond to Defendant Allegiant Air's arguments, maintaining the argument was premature and misplaced. (Doc. 36 at 16).

13

Pursuant to Federal Rule of Civil Procedure 15(c)(1)(C):

> An amendment to a pleading relates back to the date of the original
> pleading when . . . the amendment changes the party or the naming of
> the party against whom a claim is asserted, if Rule 15(c)(1)(B) is
> satisfied and if, within the period provided by [Federal Rule of Civil
> Procedure] 4(m) for serving the summons and complaint, the party to be
> brought in by amendment . . . (i) received such notice of the action that
> it will not be prejudiced in defending on the merits; and (ii) knew or
> should have known that the action would have been brought against it,
> but for a mistake concerning the proper party's identity.

*See also Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559–60 (7th

Cir. 2011). Rule 15(c)(1)(B) requires the proposed amendment to assert "a claim or

defense that arose out of the conduct, transaction, or occurrence set out—or

attempted to be set out—in the original pleading." And Rule 4(m) sets a 90-day

deadline for service of process.

The Seventh Circuit has yet to decide whether Rule 15(c)(1)(C) or its Illinois

counterpart, 735 ILCS 5/2-616(d), applies when a district court in Illinois is sitting in

diversity or exercising supplemental jurisdiction. Nevertheless, both the Seventh

Circuit and Illinois courts have indicated the two rules are essentially identical, and

Illinois courts look to federal jurisprudence on Rule 15(c)(1)(C) for persuasive

authority. *Springman v. AIG Mktg., Inc.*, 523 F.3d 685, 688 (7th Cir. 2008); *Borchers

v. Franciscan Tertiary Province of Sacred Heart, Inc.*, 2011 IL App (2d) 101257, ¶¶

42–45, 962 N.E.2d 29, 44–46; *Walstad v. Klink*, 2018 IL App (1st) 170070, ¶ 19, 105

N.E.3d 1016, 1022.

Plaintiff's claims against Defendant Allegiant Air can be separated into two

sets: one set of claims (negligence, NIED, and IIED) for each TSA encounter at issue.

The original Complaint only detailed the August 12 encounter with TSA in Illinois;

14

it did not allege any facts pertaining to the August 9 encounter in Arizona. (*See* doc.
1 at 4–7). Though the two encounters with TSA were similar and resulted in similar
injuries, they were two separate encounters on separate days in different states and
presumably involving different TSA agents; they therefore cannot be characterized
as the same transaction or occurrence. *See Mayle v. Felix*, 545 U.S. 644, 659 (2005).
Consequently, Rule 15(c)(1)(B) is only satisfied with respect to the set of claims based
on the August 12 encounter in Illinois (Counts XVIII–XX). The set of claims based on
the August 9 in Arizona encounter (Counts XV–XVII) cannot relate back to the
original Complaint, and Defendant Allegiant Air is therefore entitled to judgment on
the pleadings with respect to those claims.

As for the set of claims based on the August 12 encounter, the operative
questions thus become (1) whether Defendant Allegiant Air knew or should have
known within the period provided by Rule 4(m) for serving the summons and
complaint that the claims "would have been brought against it, but for a mistake
concerning the proper party's identity" and (2) whether it would be prejudiced by
defending the claims on the merits. Rule 15(c)(1)(C); *Joseph*, 638 F.3d at 559–60
(noting the proper emphasis is on the defendant's knowledge of the plaintiff's intent
to sue it, not the plaintiff's carelessness or mistake in naming the proper defendant).[8]

---

[8] Inexplicably, Defendant Allegiant Air urges the Court to determine the
amendments do not relate back because Plaintiff made a deliberate choice not to sue
it within the limitations period, citing *Krupski v. Costa Crociere S. p. A.*, 560 U.S.
538, 549 (2010) ("We agree that making a deliberate choice to sue one party instead
of another while fully understanding the factual and legal differences between the
two parties is the antithesis of making a mistake concerning the proper party's

15

Respecting the first question, the 90-day period under Rule 4(m) began after Plaintiff filed the original Complaint on July 31, 2020. Defendant Allegiant Air attained actual knowledge of Plaintiff's intent to sue it no later than the date on which it was served with the First Amended Complaint: September 14, 2020, forty-five days after the Complaint was filed. (*See* doc. 14). Defendant Allegiant Air thus had adequate notice of Plaintiff's claims against it within the requisite 90-day timeframe. And Defendant Allegiant Air makes no argument as to the second question, likely because it cannot reasonably claim prejudice here; the instant Motion also challenges the substance of Plaintiff's claims, demonstrating Defendant Allegiant Air can clearly defend this lawsuit on the merits. The Court therefore finds the set of claims based on the August 12 encounter, Counts XVIII–XX of the First Amended Complaint, relate back to the

---

identity."), and *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006). (Doc. 31 at 7–8). The Court, however, went on to flatly reject Defendant Allegiant Air's very argument in *Krupski* in no uncertain terms:

> We disagree, however, with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake. The reasonableness of the mistake is not itself at issue. As noted, a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. *That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied.*

*Id.* (emphasis added). Further, the Seventh Circuit has expressly recognized *Hall* is no longer controlling precedent after of *Krupski*. *Joseph*, 638 F.3d at 559 ("[T]he Supreme Court in *Krupski* . . . changed what we and other courts had understood[ ] in *Hall*[.]"). Counsel for Defendant Allegiant Air are reminded of their obligations under Federal Rule of Civil Procedure 11. The Court will not tolerate deliberate attempts to mislead.

original Complaint, which was timely under the applicable two-year statute of limitations.

### B.    *Plaintiff Failed to State a Claim Against Defendant Allegiant Air*

In the surviving counts, Plaintiff alleges Defendant Allegiant Air committed negligence, NIED, and IIED. Defendant Allegiant Air argues these claims fail as a matter of law. (Doc. 31 at 9–19).

#### 1.    **Plaintiff Cannot Establish Negligence or NIED**

In Illinois, a plaintiff alleging negligence must ultimately prove "existence of a duty, the defendant's breach of that duty, and that the breach proximately caused the plaintiff's resulting injuries." *Roh v. Starbucks Corp.*, 881 F.3d 969, 973 (7th Cir. 2018). Similarly, to establish NIED, a direct-victim plaintiff must ultimately prove the elements of negligence as well as "emotional distress and . . . a contemporaneous physical injury or impact." *Schweihs v. Chase Home Fin., LLC*, 2016 IL 120041, ¶ 31, 77 N.E.3d 50, 58 (quoting *Corgan v. Muehling*, 143 Ill. 2d 296, 303, 574 N.E.2d 602, 605 (1991)).

Plaintiff's negligence and NIED claims in Counts XVIII and XIX are premised on the notion that Defendant Allegiant Air breached a duty to warn him about TSA's screening process, which resulted in physical and emotional damages. (*See* docs. 12 at 20–21; 36 at 18–27). Specifically, Plaintiff appears to argue he had a special relationship with Defendant Allegiant Air, which meant Defendant Allegiant Air had a duty to explain the TSA threat assessment procedures prior to his screening and warn him that the procedures may result in constitutional violations. (*See, e.g.*, doc. 36 at 22 ("Muir did not seek *assistance* during the threat assessment process but only

17

sought *fair notice of* the process so he could make the decision to avoid the process by electing not to fly." (emphasis in original))).

As a general matter, "[a] 'duty to warn exists where there is unequal knowledge, actual or constructive [of a dangerous condition], and the defendant[,] possessed of such knowledge, knows or should know that harm might or could occur if no warning is given.' " *Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1022 (7th Cir. 2018) (quoting *Happel v. Wal-Mart Stores, Inc.*, 199 Ill. 2d 179, 186, 766 N.E.2d 1118, 1123 (2002)). And a heightened duty of care can be imposed where a special relationship exists between the parties. *See Iseberg v. Gross*, 227 Ill. 2d 78, 87, 879 N.E.2d 278, 284 (2007); Restatement (2d) of Torts §§ 314, 314A (1965).

> Historically, there have been four "special relationships" which this and other courts have recognized, namely, common carrier-passenger, innkeeper-guest, business invitor-invitee, and voluntary custodian-protectee. When one of these special relationships exists between the parties and an unreasonable risk of physical harm arises within the scope of that relationship, an obligation may be imposed on the one to exercise reasonable care to protect the other from such risk, if the risk is reasonably foreseeable, or to render first aid when it is known that such aid is needed. The existence of one of these four "special relationships" has typically been the basis for imposing an affirmative duty to act where one would not ordinarily exist.

*Iseberg*, 227 Ill. 2d at 88 (internal citations omitted); *see also* Restatement (2d) of Torts § 314A (1965). Comment e to § 314A clarifies the duty owed by a common carrier to a passenger:

> The duty in each case is only one to exercise reasonable care under the circumstances. The defendant is not liable where he neither knows nor should know of the unreasonable risk, or of the illness or injury. He is not required to take precautions against a sudden attack from a third person which he has no reason to anticipate, or to give aid to one whom

he has no reason to know to be ill. He is not required to take any action where the risk does not appear to be an unreasonable one[.]

Plaintiff's theory—that this heightened duty of care required Defendant Allegiant Air to warn him about or explain the TSA threat assessment procedures— fails for several reasons. First and foremost, not only is it common knowledge that airline passengers must undergo TSA screening prior to boarding a flight, *see e.g.*, *United States v. Hartwell*, 436 F.3d 174, 181 (3d Cir. 2006) ("It is inconceivable that Hartwell was unaware that he had to be searched before he could board a plane."), but it is required by federal law, 49 U.S.C. § 44901. American jurisprudence generally imposes knowledge of the law on all litigants. *Georgia v. Public.Resource.Org, Inc.*, ___ U.S. ___, 140 S. Ct. 1498, 1507 (2020) ("[E]very citizen is presumed to know the law."). Any claim Plaintiff was unaware of the requisite TSA screening runs counter to that principle.

Moreover, though Defendant Allegiant Air was under no duty to warn Plaintiff of a process required by law, it nevertheless did so in the Allegiant Contract of Carriage. (Doc. 31-1 at 3, 15).[9] Specifically, the Contract of Carriage stated: (1) "Passengers and their baggage are subject to inspection with an electronic detector with or without the passenger's consent or knowledge"; (2) Allegiant would not

---

[9] "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Burke v. 401 N. Wabash Venture*, LLC, 714 F.3d 501, 505 (7th Cir. 2013) (internal quotation marks omitted and alteration in original). This rule applies to contracts central to a plaintiff's claim but not attached to the complaint. *Facebook, Inc. v. Teachbook.com LLC*, 819 F. Supp. 2d 764, 773 (N.D. Ill. 2011). The Court finds it may consider the Allegiant Contract of Carriage, which is incorporated into Plaintiff's airline ticket, without converting the instant Motion into one for summary judgment.

transport any "passenger who refuses to permit the search of his or her person or property for explosives or a concealed, deadly, or dangerous weapon or article"; and (3) "All transportation is sold and all carriage is performed subject to compliance with all applicable laws and governmental regulations, including those of the U.S. Department of Transportation and the Federal Aviation Administration, many of which are not specified herein but are nonetheless binding on Carrier and all passengers." (Doc. 31-1 at 3, 15).

To the extent Plaintiff argues Defendant Allegiant Air had a duty to warn him that TSA might engage in actionable misconduct during the screening process, he is incorrect. "[A common carrier] is not required to take precautions against a sudden attack from a third person which he has no reason to anticipate[.]" Restatement (2d) of Torts § 314A cmt. e (1965). Plaintiff does not explain how Defendant Allegiant Air should have been aware TSA might engage in tortious misconduct during the screening process. And the Court is aware of no aspect of law which imposes a duty to warn of unpredictable wrongdoing at the hands of a third party.

Similarly, Plaintiff fails to explain how Defendant Allegiant Air should have known what the TSA threat assessment procedures entail or that they could potentially expose or exacerbate Plaintiff's medical condition. The federal regulations governing "the operation of TSA security areas emphasize the exclusive control that the TSA exercises over those areas." *Hogan v. Nw. Airlines, Inc.*, No. 11-CV-14888, 2013 WL 607852, at *3 (E.D. Mich. Feb. 19, 2013). They "confer an absolute authority on the TSA personnel within the screening area to the exclusion of all other airport

20

staff or patrons." *Id.; see also* 49 U.S.C. § 44901; 49 C.F.R. §§ 1540.101–1540.117. And courts have gone so far to characterize the screening area as a purely "federal facility" wholly separate from the airport in general. *Narvaez v. Am. Airlines, Inc.*, No. 09-CIV-6397, 2010 WL 5072114, at *2 (S.D.N.Y. Dec. 13, 2010). Given the intentional exclusion of airlines' participation in the TSA screening process, the Court cannot reasonably infer airline personnel possess any knowledge beyond that of an average person of what the TSA threat assessment procedures entail. Indeed, Plaintiff himself explains those procedures are sensitive material not generally available, even to this Court. (Doc. 36 at 20). As there is no reason to believe Defendant Allegiant Air possessed any unequal knowledge about the TSA threat assessment procedures, there is no basis to impose a duty to explain those procedures to Plaintiff or explain how those procedures could potentially expose or exacerbate a medical condition airline personnel also had no reason to know of. *See Hutchison*, 910 F.3d at 1022.[10]

Put simply, Plaintiff fails to demonstrate Defendant Allegiant Air had the requisite knowledge to give him the notice he believes was due. Without such knowledge, Defendant Allegiant Air can have no duty to warn. Plaintiff's claims for negligence and NIED must therefore be dismissed. Furthermore, the Court does not believe Plaintiff can amend his complaint to state facts giving rise to the duty he believes was due; Counts XVIII and XIX are therefore dismissed with prejudice. *See*

---

[10] Even if Defendant Allegiant Air had reason to know Plaintiff would be required to submit to a pat down, Plaintiff does not indicate Defendant Allegiant Air had any knowledge that a pat down would be dangerous or harmful to him. (*See, e.g.*, doc. 12 (repeatedly referring to Plaintiff's medical condition as hidden and private)).

*R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020) ("District

courts may deny leave to amend . . . where there is a good reason to do so: futility,

undue delay, prejudice, or bad faith." (internal quotation marks omitted)).

### 2. Plaintiff Cannot Establish IIED

Illinois Courts also look to the Restatement (2d) of Torts for guidance on IIED

claims. *Schweihs v. Chase Home Fin., LLC*, 2016 IL 120041, ¶¶ 49–51, 77 N.E.3d 50,

62–63. The tort consists of three elements:

> First, the conduct involved must be truly extreme and outrageous.
> Second, the actor must either intend that his conduct inflict severe
> emotional distress or know that there is at least a high probability that
> his conduct will cause severe emotional distress. Third, the conduct
> must in fact cause severe emotional distress.

*Id.* ¶ 50; *see also* Restatement (2d) of Torts § 46(1) (1965). Liability for IIED extends

only in the most egregious of cases.

> It is clear that the tort does not extend to mere insults, indignities,
> threats, annoyances, petty oppressions, or other trivialities. It has not
> been enough that the defendant has acted with an intent which is
> tortious or even criminal, or that he has intended to inflict emotional
> distress, or even that his conduct has been characterized by malice, or a
> degree of aggravation which would entitle the plaintiff to punitive
> damages for another tort. Liability has been found only where the
> conduct has been so outrageous in character, and so extreme in degree,
> as to go beyond all possible bounds of decency, and to be regarded as
> atrocious, and utterly intolerable in a civilized community. The law
> intervenes only where the distress inflicted is so severe that no
> reasonable man could be expected to endure it. The intensity and the
> duration of the distress are factors to be considered in determining the
> severity.

*Schweihs*, 2016 IL 120041, ¶ 51 (internal citations omitted).

Plaintiff's IIED claim is also predicated on Defendant Allegiant Air's failure to

explain the TSA threat assessment procedures and warn him "that his reasonable

22

expectation of privacy could be violated through no fault of his own during the security screening process[.]" (Doc. 12 at 22). However, the Court has determined Defendant Allegiant Air had no responsibility give any such warning(s). Failure to provide an explanation or warning about matters outside one's knowledge does not amount to the type of extreme or outrageous conduct necessary to predicate an IIED claim. And Defendant Allegiant Air took no part in the actual conduct Plaintiff argues caused his emotional distress: the TSA screening. There is simply no basis for an IIED claim against Defendant Allegiant Air. Given Defendant Allegiant Air's total lack of participation in the conduct which allegedly caused Plaintiff emotional distress, the Court finds any amendment would be futile. Count XX is therefore dismissed with prejudice. *See R3 Composites Corp.*, 960 F.3d at 946.

In sum, Defendant Allegiant Air's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) and Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) is granted. Defendant Allegiant Air is entitled to judgment on the pleadings with respect to Counts XV, XVI, and XVII, and Counts XVIII, XIX, XX are dismissed with prejudice.

## II.    The Federal Defendants' and Defendant Pekoske's Motions to Dismiss

Plaintiff asserts a myriad of claims against the Federal Defendants. Plaintiff claims the two TSA encounters were violations of the Fourth Amendment (committed by both Defendant TSA and Defendant Pekoske, individually under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971)) (Counts I–IV, V, VII); the right to privacy under the Illinois, Arizona, and United States Constitutions (Counts I–IV); the right to due process under the Illinois, Arizona, and United States Constitutions

23

(committed by both Defendant TSA and Defendant Pekoske, individually under *Bivens*) (Counts I–IV, VI, VIII); and the Rehabilitation Act (Count XXI). (Doc. 12 at 13–17, 24–26). Plaintiff further argues Defendant TSA's failure to give notice of the screening process and failure to warn of known dangers associated with it constitute negligence and NIED (Counts I–IV). (Doc. 12 at 13–15). In addition to monetary damages, Plaintiff seeks injunctive relief in the following forms: (1) a permanent injunction preventing Defendant TSA from singling out Plaintiff and unlawfully discriminating against him on the basis of his disability (Count XXI), (2) a permanent injunction prohibiting the Federal Defendants from denying him the right to travel, and (3) an injunction ordering the Federal Defendants and Defendant L3 to either destroy any "screening data images" of him or turn any such images or data over to him. (Doc. 12 at 26–27).

The Federal Defendants argue these claims must be dismissed for several reasons:

> First, in accordance with the doctrine of sovereign immunity, Plaintiff cannot maintain state constitutional claims against the federal government. Second, Plaintiff cannot recover monetary damages from the Federal Defendants for his purported constitutional violations. Third, insofar as Plaintiff's claims against the Federal Defendants challenge TSA's Standard Operating Procedures for the security screening of airline passengers, such claims must be brought in the United States Courts of Appeals pursuant to 49 U.S.C. § 46110. Fourth, Plaintiff has named the wrong defendant for the tort claims he asserts and, thus, those claims should be dismissed. Finally, he lacks standing for the declaratory and injunctive relief he demands.

(Doc. 33 at 2). Individually, Defendant Pekoske further argues Counts V–VIII must be dismissed because *Bivens* relief is not available for Plaintiff's claims. (Doc. 34). The Court must first address matters of justiciability.

24

A.    *Subject Matter Jurisdiction*

The Federal Defendants argue 49 U.S.C. § 46110 deprives the Court of subject

matter jurisdiction over several of Plaintiff's claims. This is a facial challenge to the

Court's subject matter jurisdiction, so the Court accepts all well-pleaded facts as true.

*See Apex Digit.*, 572 F.3d at 443–44.

Section 46110(a) reads:

[A] person disclosing a substantial interest in an order issued by the
Secretary of Transportation (or the Administrator of the Transportation
Security Administration with respect to security duties and powers
designated to be carried out by the Administrator of the Transportation
Security Administration or the Administrator of the Federal Aviation
Administration with respect to aviation duties and powers designated
to be carried out by the Administrator of the Federal Aviation
Administration) in whole or in part under this part, part B, or subsection
(l) or (s) of section 114 may apply for review of the order by filing a
petition for review in the United States Court of Appeals for the District
of Columbia Circuit or in the court of appeals of the United States for
the circuit in which the person resides or has its principal place of
business.

Section 46110(c) further provides, in relevant part, that "the courts of appeals have

exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order."

*Merritt v. Shuttle, Inc.*, 245 F.3d 182, 187 (2d Cir. 2001) (*Merritt II*) (internal

quotation marks and emphasis omitted).

TSA's screenings are conducted pursuant to, *inter alia*, its Standard Operating

Procedures (SOP), which set forth the threat assessment procedures central to this

lawsuit. The SOP has been widely and uniformly held to be a final order within the

meaning of § 46110(a), and challenges to the SOP therefore lie within the exclusive

jurisdiction of the courts of appeals. *See Blitz v. Napolitano*, 700 F.3d 733, 740 (4th

Cir. 2012); *Corbett v. United States*, 458 F. App'x 866, 869–71 (11th Cir. 2012); *Roberts*

25

*v. Napolitano*, 463 F. App'x 4, 4–5 (D.C. Cir. 2012); *Redfern v. Napolitano*, 727 F.3d 77, 83 n.3 (1st Cir. 2013); *Scruggs v. McAleenan*, No. 18-CV-2109, 2019 WL 4034622, at *1 (N.D. Ill. Aug. 27, 2019).

Furthermore, any claims "inescapably intertwined" with review of such an order are subject to the jurisdictional limitation in § 46110. *Merritt II*, 245 F.3d at 187; *see also Merritt v. Shuttle, Inc.*, 187 F.3d 263, 271 (2d Cir. 1999) (*Merritt I*). "A claim is inescapably intertwined in this manner if it alleges that the plaintiff was injured by such an order and that the court of appeals has authority to hear the claim on direct review of the agency order." *Merritt II*, 245 F.3d at 187 (citing *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958)). "[T]he test for determining whether [§ 46110] precludes a district court from hearing a particular claim is . . . whether the claim "could and should have been" presented to and decided by a court of appeals. *Id.* at 188 (quoting *City of Tacoma*, 357 U.S. at 339). Thus, a district court must consider whether resolution of the claim would require it to affirm, amend, modify, or set aside any part of the order; if so, the claim lies in the exclusive jurisdiction of the courts of appeals. *See id*.

In keeping with this authority, courts have routinely held constitutional challenges to TSA screening procedures lie within the exclusive jurisdiction of the courts of appeals under § 46110. *Corbett*, 458 F. App'x at 871 ("[T]o determine whether the security screening procedures set forth in the SOP comply with the Fourth Amendment, a court must necessarily review the procedures and merits surrounding the . . . order." (internal quotation marks omitted)); *see also Gilmore v.*

26

*Gonzales*, 435 F.3d 1125, 1132–33 (9th Cir. 2006) (holding First and Fourth Amendment challenges to TSA's pre-SOP standard requirement to provide identification were precluded by § 46110); *Roberts*, 463 F. App'x at 5 (holding "claims for injunctive and declaratory relief directly seek review of orders issued by TSA" and therefore fall under the purview of § 46110).

The First Circuit's decision in *Ruskai v. Pistole*, 775 F.3d 61 (1st Cir. 2014), is particularly illustrative. There, the plaintiff—who could not pass through some TSA security checkpoints without submitting to pat-down searches due to her metallic joint replacement—argued TSA screening procedures, as applied to her, violated both the Fourth Amendment and the Rehabilitation Act; she also challenged TSA's refusal to allow her an exception to the pat-down requirement. *Id.* at 63–65. The First Circuit concluded those claims were within its exclusive subject matter jurisdiction under § 46110. *Id.* at 65. Plaintiff's claims, along with their factual bases, are strikingly similar to those in *Ruskai*, yet he fails to explain how they are not direct challenges to the SOP or inescapably intertwined with review thereof. Rather, he generally states his claims arise under common law negligence and argues the merits of his negligence claims. (Doc. 38 at 18–20). As most of his claims against the Federal Defendants are premised on constitutional and statutory law (*see* docs. 12 at 13–17, 24–26; 38 at 7–18), his arguments are misplaced.

27

Applying the jurisdictional filter in § 46110 to the case at hand, it is clear the Court lacks jurisdiction to hear Plaintiff's constitutional[11] and Rehabilitation Act claims against Defendant TSA in Counts I–IV and XXI. *See Ruskai*, 775 F.3d at 65; *Corbett*, 458 F. App'x at 871. The same reasoning dispenses of Plaintiff's claims against Defendant Pekoske in Counts V–VIII, which allege he is individually liable for the same conduct. *See Merritt I*, 187 F.3d at 272 (finding *Bivens* claims for alleged constitutional violations arising from a Federal Aviation Administration (FAA) adjudication were inescapably intertwined with review of that adjudication).[12] Additionally, Plaintiff's requests for (1) a permanent injunction preventing Defendant TSA from unlawfully discriminating against him on the basis of his disability (Count XXI) and (2) a permanent injunction prohibiting the Federal Defendants from denying him the right to travel (doc. 12 at 26)[13] are, at their core, requests for an exception to the SOP, as they would essentially invalidate certain portions of the SOP as to him, *see Roberts*, 463 F. App'x at 5; *Ruskai*, 775 F.3d at 65. Therefore, they too must be brought to the court of appeals in the first instance.

---

[11] Specifically, the Court is referring to the Fourth Amendment claims (Counts I–IV, V, VII); the claims based on right to privacy under the Illinois, Arizona, and United States Constitutions (Counts I–IV); and the claims based on the right to due process under the Illinois, Arizona, and United States Constitutions (Counts I–IV, VI, VIII).
[12] Consequently, Defendant Pekoske's individual Motion to Dismiss for Failure to State a Claim (doc. 34) is moot.
[13] The request for an injunction ordering the Federal Defendants and Defendant L3 to either destroy any "screening data images" of him or turn any such images or data over to him is not a stand-alone claim but rather is sought as a remedy for the alleged constitutional violations. (*See* doc. 12 at 26–27). Since this injunctive relief is a remedy for claims outside the Court's subject matter jurisdiction, the relief must be denied here, to the extent it applies to the Federal Defendants.

What remains are Plaintiff's claims for negligence and NIED under the Federal Tort Claims Act (FTCA). On this score, the *Merritt* litigation is instructive. In *Merritt,* a commercial airline pilot was discharged and had his license suspended following a bad-weather flight that nearly resulted in a crash. *Merritt II*, 245 F.3d at 184–85. The pilot thereafter raised a litany of claims against multiple defendants, including claims that government officials were individually liable under *Bivens* for depriving him of his rights to due process under the Fifth Amendment (at issue in *Merritt I*) and that the United States was liable under the FTCA for negligently failing to warn him of the approaching bad weather (at issue in *Merritt II*). *Merritt II*, 245 F.3d at 185. The Court ultimately found the *Bivens* claims were precluded from the district court's jurisdiction by § 46110 because they directly challenged an adjudication resulting in a final order by the FAA (the order suspending his pilot license), while the FTCA claim was not precluded by § 46110 because it challenged conduct unrelated to that adjudication and order. *Id.* at 189–90. The court went on to suggest, as a general matter, FTCA claims are not precluded by § 46110. *Id.* at 190–91 (citing *Beins v. United States*, 695 F.2d 591, 597–98 (D.C. Cir. 1982)).

Similar to the *Merritt* litigation, the Court finds Plaintiff's FTCA claims are not precluded from its jurisdiction by § 46110, while his *Bivens* and constitutional claims are. Plaintiff's FTCA claims do not allege he was injured or aggrieved by any particular TSA order or otherwise attack any TSA official's conduct during the August 2018 screenings; in fact, he explicitly states his FTCA claims do not attack the design, implementation of, or adherence to the SOP. (Doc. 38 at 18–20). Rather, he claims he

was injured by Defendant TSA's failure to warn him about the screening procedures and what they entail before he presented to TSA for screening. (*See* docs. 12 at 13–15; 38 at 18–20). Furthermore, he does not allege the SOP contains any notice requirement which was not followed or otherwise advocate for an amendment to the SOP adding such a requirement; instead, he suggests he simply would not have flown had he known he would be subject to a pat-down search while symptomatic. (*See* doc. 38 at 11 ("[I]f he had been given fair notice of the process, he never would have booked a ticket."). For these reasons, the Court concludes Plaintiff's FTCA claims do not challenge the SOP or any other TSA order and therefore fall outside the purview of § 46110. *See Merritt II*, 245 F.3d at 189–91.

B.     *Plaintiff's FTCA Claims Must be Dismissed*

The FTCA permits litigants to raise certain tort claims against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The relief permitted by the FTCA is an exclusive remedy for damages caused by federal employees acting in the course of their employment. *See* 28 U.S.C. § 2679. In FTCA cases, "the United States is the only proper defendant." *Smith v. United States*, 678 F. App'x 403, 406 (7th Cir. 2017).

Plaintiff's claims for negligence and NIED against Defendant TSA were clearly brought under the FTCA. (*See* doc. 12 at 3 (invoking the FTCA jurisdictional provision, § 1346(b)(1))). As Defendant TSA is not the proper party, the FTCA claims against it must be dismissed. *See Smith*, 678 F. App'x at 406 (affirming the dismissal

of FTCA claims brought against a government agency as opposed to the United States).

Plaintiff argues the United States should simply be substituted as the correct party, citing the principle that *pro se* pleadings must be liberally construed coupled with the certification process outlined in § 2679(d). (Doc. 38 at 4–7). He is incorrect. Though *pro se* complaints are indeed liberally construed, liberal construction does not include *sua sponte* or unilateral substitution of parties against whom Plaintiff has not elected to sue; Plaintiff is master of his complaint, *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). Further, he misunderstands the certification provision, § 2679(d), which merely allows the Attorney General to recategorize state-law tort claims brought against federal employees as FTCA claims where appropriate. *Matthews v. United States*, 805 F. Supp. 712, 715 (E.D. Wis. 1992), *aff'd*, 28 F.3d 1216 (7th Cir. 1994) ("[T]he provision simply means that when an action is brought against a federal employee pursuant to some other grant of jurisdiction—say, diversity jurisdiction—it may be converted into an FTCA case upon the Attorney General's certification."). Plaintiff's First Amended Complaint made clear he was suing for negligence and NIED under the FTCA, so certification under § 2679(d) was unnecessary.

Nevertheless, even if the Court were to order the United States be substituted for Defendant TSA, Plaintiff's claims would fail; the Court can conceive of no possible scenario in which United States officials had or breached the duty Plaintiff argues was owed to him. As stated, a plaintiff alleging negligence must ultimately prove

"existence of a duty, the defendant's breach of that duty, and that the breach proximately caused the plaintiff's resulting injuries." *Roh*, 881 F.3d at 973. And, a direct-victim plaintiff alleging NIED in Illinois must ultimately prove the elements of negligence as well as "emotional distress and . . . a contemporaneous physical injury or impact." *Schweihs*, 2016 IL 120041, ¶ 31 (quoting *Corgan*, 143 Ill. 2d at 303). A duty to warn arises only "where there is unequal knowledge, actual or constructive [of a dangerous condition], and the defendant[,] possessed of such knowledge, knows or should know that harm might or could occur if no warning is given." *Hutchison*, 910 F.3d at 1022 (internal quotation marks omitted).

To the extent Plaintiff argues he was owed a warning prior to his arrival for TSA screening, his argument fails because he repeatedly maintains his medical condition was hidden and private. Absent knowledge the screening process would be dangerous for Plaintiff, no duty to warn can attach.[14] And by the time TSA officials became aware of some extent of Plaintiff's medical condition—due to his warning that he was suffering a serious medical emergency and "being touched at his right groin would result in extreme physical pain and could endanger his life" (*e.g.*, doc. 12 at 7, 10)—TSA officials *had* warned him that a pat-down search was required (doc. 12 at 5–7, 8–11), precluding a finding of breach. The Court is sympathetic to Plaintiff's

---

[14] Further, the United States is under no obligation to warn of a process required by law, as previously stated. And the notion that Plaintiff was owed a duty to disclose the details of TSA screening procedures is ludicrous. Plaintiff himself admits the TSA SOP is sensitive security information (*see* doc. 36 at 20); widespread public disclosure of this type of sensitive security information—which would undoubtedly result if Plaintiff's argument were to prevail—could compromise national security interests.

32

plight and psychological struggles, but his allegations simply do not establish any viable claim the United States breached any duty owed to him.

In sum, the Federal Defendant's Motion to Dismiss (doc. 33) is granted, and Defendant Pekoske's Motion to Dismiss for Failure to State a Claim (doc. 34) is denied as moot. Counts I, II, III, and IV are dismissed in part for want of subject matter jurisdiction and in part for failure to state a claim, and Counts V, VI, VII, VIII, and XXI are dismissed for want of subject matter jurisdiction. Because the Court finds substituting the United States for Defendant TSA would be futile, the Court will not allow Plaintiff leave to amend Counts I–IV. *R3 Composites Corp.*, 960 F.3d at 946.

## III.  Defendant L3's Motion to Dismiss

Plaintiff's claims against Defendant L3, contained in Counts IX–XIV, mirror those asserted against Defendant Allegiant Air. He asserts a set of claims—negligence, NIED, and IIED—for both TSA encounters.[15] (Doc. 12 at 17–20). Defendant L3 argues the claims must be dismissed for several reasons. First, Defendant L3 argues the claims based on the Illinois encounter (Counts XII–XIV) are barred by res judicata and the claims based on the Arizona encounter (Counts IX–XI) are therefore time-barred. (Doc. 37 at 1–2). Second, in the alternative, Defendant L3 argues the claims must be dismissed pursuant to the Support Anti-Terrorism by

---

[15] As was the case with the claims asserted against Defendant Allegiant Air, the Court finds Plaintiff's claims against Defendant L3 sound in tort, despite invoking various constitutional principles. Again, "[m]ost rights secured by the Constitution are protected only against infringement by governments, so . . . the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State." *Listecki*, 780 F.3d at 741 (internal quotation marks omitted). Plaintiff fails to explain how the actions of Defendant L3, a private corporation, may be fairly attributable to a state government or to the federal government.

Fostering Effective Technologies Act of 2002, 6 U.S.C. § 441 *et seq.* (SAFETY Act).
(Doc. 37 at 2). Finally, and also in the alternative, Defendant L3 argues Plaintiff has
failed to state a claim. (Doc. 37 at 2).

A.    *Res Judicata and Statute of Limitations*

Invoking the Seventh Circuit's decision in *Arrigo v. Link*, 836 F.3d 787, 799
(7th Cir. 2016), Defendant L3 argues a decision by the Arizona District Court in a
prior suit between it and Plaintiff precludes his claims based on the Illinois
encounter. (Doc. 37 at 8–11). Defendant L3 further argues because those claims are
res judicata, they are a legal nullity and cannot serve to extend the statute of
limitations for Plaintiff's claims based on the Arizona encounter, which were added
in the First Amended Complaint after the two-year statute of limitations had run.
(Doc. 37 at 11–13).

It is worth noting both res judicata and statutes of limitations provide
affirmative defenses and may not be the basis for dismissal under Rule 12 unless "it
is clear from the face of the complaint, and matters of which the court may take
judicial notice, that the plaintiff's claims are barred as a matter of law," *Parungao v.
Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) (internal quotation marks
omitted). The Court is permitted to take judicial notice of the docket in *Muir v.
L3Harris Tech., Inc.*, No. 2:19-cv-05887 (D. Ariz.), Plaintiff's prior suit against
Defendant L3. *See Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016).

In the Arizona lawsuit, Plaintiff filed various claims against Defendant L3
based on the Arizona encounter. *Muir*, No. 2:19-cv-05887, doc. 1-3. In response to
Defendant L3's motion to dismiss his First Amended Complaint, Plaintiff attempted

to file a Second Amended Complaint, which added Defendants TSA and Pekoske as

well as claims for, *inter alia*, negligence and NIED based on the Illinois encounter.

*See id.*, doc. 23 at 28–32. Despite the Ninth Circuit's policy of "extreme liberality"

pertaining to amendment, the Arizona District Court denied Plaintiff leave to file his

Second Amended Complaint:

> In violation of Local Rule of Civil Procedure 15.1, Plaintiff has not
> "indicate[d] in what respect the [second amended complaint] differs from
> the pleading which it amends[.]" A comparison of the two pleadings,
> however, shows that the second amended complaint adds two new
> defendants – the TSA and its Administrator – and asserts claims that
> clearly are without merit. *See* Doc. 23 at 23-43 (alleging violations of
> the Eighth Amendment and Illinois criminal statutes). Plaintiff has
> provided no basis for adding defendants and expanding the scope and
> nature of his claims. Moreover, Defendant L3Harris has now twice
> moved to dismiss Plaintiff's claims. Docs. 14, 22. Requiring Defendant
> to file a third motion to dismiss would be unfair and unduly prejudicial.
> The Court will deny Plaintiff leave to amend his first amended
> complaint. *See Chodosv. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir.
> 2002) (explaining that a district court's discretion to deny leave to
> amend is "particularly broad" where the plaintiff previously amended
> the complaint).

*Id.*, doc. 24 at 2–3. Plaintiff thereafter filed the instant lawsuit and voluntarily

dismissed the Arizona lawsuit under Federal Rule of Civil Procedure 41(a)(1)(A)(i),

*id.*, doc. 25.

The fact Plaintiff voluntarily dismissed the Arizona lawsuit puts a wrench in

Defendant L3's arguments. "A suit that is voluntarily dismissed under Rule 41(a)

generally is treated as if it had never been filed." *Nelson v. Napolitano*, 657 F.3d 586,

587 (7th Cir. 2011). Defendant L3 has not identified any case in which preclusion

flowed from a case which was voluntarily dismissed, and the Court has found none.

Even in *Arrigo*, the Seventh Circuit recognized a final judgment on the merits must

support a res judicata finding. *Arrigo*, 836 F.3d 799–800; *see also Sklyarsky v. Means-Knaus Partners, L.P.*, 777 F.3d 892, 896 (7th Cir. 2015) (finding error where a trial court found preclusion while the first suit "was still pending and thus the interim ruling denying leave to [amend] was not a final decision having preclusive effect"). For these reasons, the Court is not at this time willing to dismiss on res judicata grounds. That said, the Court recognizes the policies espoused in *Arrigo* could apply to situations such as this[16] and therefore declines to foreclose the matter at this point.

## B.   SAFETY Act

Defendant L3 next argues Plaintiff's claims must be dismissed under the government contractor defense provided by the SAFETY Act, 6 U.S.C. § 442(d)(1). (Doc. 37 at 13–15). In support of this defense, Defendant L3 attaches documents to its Motion, including a declaration from its former Vice President of Contracts (doc. 44) and a Safety Act Certification from the Department of Homeland Security (doc 37-5).

"Generally, a district court cannot consider evidence outside the pleadings to decide a motion to dismiss without converting it into a motion for summary judgment." *Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018). The documentation on which Defendant L3 relies for its SAFETY Act defense do not appear to fall within the narrow exceptions to this general rule. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (noting consideration of a motion to dismiss

---

[16] The holding in *Arrigo* "promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being haled into court repeatedly." *Arrigo*, 836 F.3d at 799 (internal quotation marks omitted).

requires consideration of "the complaint itself, . . . documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice"). The Court therefore declines to resolve the SAFETY Act defense at this stage of the proceedings.

C.    *Plaintiff Failed to State a Claim Against Defendant L3*

Plaintiff alleges Defendant L3 committed negligence, NIED, and IIED. Defendant L3 argues these claims fail as a matter of law. (Doc. 37 at 15–21).

### 1. Plaintiff Cannot Establish Negligence or NIED

As stated, a plaintiff alleging negligence in Illinois[17] must ultimately prove "existence of a duty, the defendant's breach of that duty, and that the breach proximately caused the plaintiff's resulting injuries." *Roh*, 881 F.3d at 973. And, a direct-victim plaintiff alleging NIED in Illinois must ultimately prove the elements of negligence as well as "emotional distress and . . . a contemporaneous physical injury or impact." *Schweihs*, 2016 IL 120041, ¶ 31 (quoting *Corgan*, 143 Ill. 2d at 303).[18]

---

[17] The Court again recognizes some events giving rise to Plaintiff's claims occurred in Arizona, thus raising a possible choice of law issue. However, as neither party identifies a relevant conflict between Arizona and Illinois law pertaining to negligence claims, the Court will apply Illinois law. *J.S.T. Corp.*, 965 F.3d at 577 n.1 ("[W]hen neither party raises a conflict of law issue in a [supplemental jurisdiction or] diversity case, a federal court should apply the law of the state in which it sits."). [18] According to Defendant L3, a claim for NIED in Arizona "requires that the plaintiff witness an injury to a closely related person, suffer mental anguish that manifests itself as a physical injury, and be within the zone of danger so as to be subject to an unreasonable risk of bodily harm created by the defendant," *Guerra v. State*, 237 Ariz. 183, 186, 348 P.3d 423, 426 (2015). (Doc. 37 at 19). However, these elements clearly apply to indirect-victim claims, and Plaintiff's claims are direct-victim claims. As neither party has identified a conflict between Illinois and Arizona law pertaining to

37

As Defendant L3 notes, the Amended Complaint is devoid of any allegations establishing a duty. Plaintiff's Response does little to explain his theory. Therein, he discusses a hodgepodge of matters, asserting at various points a duty arose because he had a special relationship with Defendant L3 and there was a common enterprise among Defendants L3, TSA, and Allegiant Air. (Doc. 42 at 15–17). Plaintiff also asserts "profit motive[s]" play a factor in the duty analysis. (Doc. 42 at 17–18). Plaintiff argues Defendant L3 was required "to reveal all important information regarding the advanced technology components of the threat assessment process so that [he] could have the opportunity to exercise his right to avoid them by choosing not to fly." (Doc. 42 at 16). All the while, Plaintiff cites no authority supporting his position.

To start, Plaintiff alleges no facts indicating he had a "special relationship," in the context of duty formation, with Defendant L3. *See Iseberg*, 227 Ill. 2d at 88. And, as previously stated, a duty to warn arises only "where there is unequal knowledge, actual or constructive [of a dangerous condition], and the defendant[,] possessed of such knowledge, knows or should know that harm might or could occur if no warning is given." *Hutchison*, 910 F.3d at 1022 (internal quotation marks omitted). Plaintiff alleges no facts from which the Court can infer Defendant L3 would or could have had any knowledge of Plaintiff's medical condition or that the equipment it developed would trigger the events which allegedly caused Plaintiff's damages.

---

direct-victim claims for NIED, the Court will apply Illinois law, *J.S.T. Corp.*, 965 F.3d at 577 n.1.

In sum, Plaintiff has failed to identify any legal theory which would impose a duty on Defendant L3 in this context. His claims for negligence and NEID must therefore be dismissed. Because the Court does not believe Plaintiff can amend his complaint to state facts sufficient to state claims for negligence and NIED, Counts IX, X, XII, and XIII are dismissed with prejudice. *See R3 Composites Corp.*, 960 F.3d at 946.

### 2. Plaintiff Cannot Establish IIED

As stated, the tort of IIED consists of three elements:

> First, the conduct involved must be truly extreme and outrageous. Second, the actor must either intend that his conduct inflict severe emotional distress or know that there is at least a high probability that his conduct will cause severe emotional distress. Third, the conduct must in fact cause severe emotional distress.

*Schweihs*, 2016 IL 120041, ¶ 50; *see also* Restatement (2d) of Torts § 46(1) (1965). Liability extends only in the most egregious of cases. *See Schweihs*, 2016 IL 120041, ¶ 51.

The basis for Plaintiff's IIED claim against Defendant L3 is unclear. The Amended Complaint vaguely suggests various violations of state and federal constitutional rights, such as the right to privacy, constitute IIED (doc. 12 at 18, 20); the Response to Defendant L3's Motion to Dismiss fails to address IIED at all (*see* doc. 42 at 15–20). This is wholly insufficient to survive scrutiny under Rule 12(b)(6). Further, given Plaintiff had no direct interaction with Defendant L3, the Court finds amendment would be futile. Counts XI and XIV are therefore dismissed with prejudice. *See R3 Composites Corp.*, 960 F.3d at 946.

In sum, Defendant L3's Motion to Dismiss is granted; Counts IX, X, XI, XII, XIII, and XIV are dismissed with prejudice.

CONCLUSION

IT IS THEREFORE ORDERED that:

1. Defendant Allegiant Air's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) and Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) (doc. 30) is GRANTED; Defendant Allegiant Air is granted judgment on the pleadings with respect to Counts XV, XVI, and XVII, and Counts XVIII, XIX, and XX are DISMISSED WITH PREJUDICE.

2. The Federal Defendant's Motion to Dismiss (doc. 33) is GRANTED; Counts I, II, III, and IV are DISMISSED WITH PREJUDICE in part for want of subject matter jurisdiction and in part for failure to state a claim, and Counts V, VI, VII, VIII, and XXI are DISMISSED for want of subject matter jurisdiction.

3. Defendant Pekoske's Motion to Dismiss for Failure to State a Claim (doc. 34) is DENIED AS MOOT.

4. Defendant L3's Motion to Dismiss (doc. 37) is GRANTED; Counts IX, X, XI, XII, XIII, and XIV are DISMISSED WITH PREJUDICE.

This matter is terminated, and judgment shall enter in favor of all defendants.

SO ORDERED.

Entered this 22nd day of January 2021.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

40

Judgment in a Civil Case (02/11)

# UNITED STATES DISTRICT COURT

for the

Central District of Illinois

| | | |
|---|---|---|
| MICHAEL GIBSON MUIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: 20-cv-1280 |
| | ) | |
| UNITED STATES | ) | |
| TRANSPORTATION SECURITY | ) | |
| ADMINISTRATION; DAVID P. | ) | |
| PEKOSKE, *in his individual* | ) | |
| *capacity*; L3HARRIS | ) | |
| TECHNOLOGIES, INC.; | ) | |
| ALLEGIANT AIR, LLC; CHAD F. | ) | |
| WOLF, *in his official capacity as* | ) | |
| *United States Department of* | ) | |
| *Homeland Security*; | ) | |
| | ) | |
| Defendants. | ) | |

## JUDGMENT IN A CIVIL CASE

**DECISION BY THE COURT**.    This action came before the Court, and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that judgment is entered in favor of the Defendants and against the Plaintiff. All relief requested by the Plaintiff is denied.

**Dated:**

s/ Shig Yasunaga

Shig Yasunaga
Clerk, U.S. District Court

ewl/JBM    1/25/2021