NO. 21-1312

# United States Court of Appeals for the Seventh Circuit

| | |
|---|---|
| MICHAEL GIBSON MUIR, | Appeal from the United States District Court for the Central District of Illinois. |
| Plaintiff-Appellant, | |
| v. | |
| UNITED STATES TRANSPORTATION SECURITY ADMINISTRATION; DAVID P. PEKOSKE, Administrator, United States Transportation Security Administration, in his individual capacity; L3HARRIS TECHNOLOGIES, INC., a Delaware for-profit corporation; ALLEGIANT AIR, LLC, a Nevada company; CHAD F. WOLF, Secretary, United States Department of Homeland Security, in his official capacity, | No. 1:20-cv-01280-JBM-JEH<br><br><br>Joe Billy McDade,<br>    Judge. |
| Defendants-Appellees. | |

## APPELLEES' JOINT DOCKETING STATEMENT

Defendants-Appellees, UNITED STATES TRANSPORTATION SECURITY ADMIN-ISTRATION ("TSA"), DAVID P. PEKOSKE, CHAD F. WOLF (collectively referred to herein as "Federal Defendant-Appellees"), L3HARRIS TECHNOLOGIES, INC. ("L3") and ALLEGI-ANT AIR, LLC ("Allegiant") (collectively referred to herein as "Defendants-Appellees"), through their undersigned counsel and pursuant to Circuit Rule 3(c)(1), submit the following docketing statement to correct and complete the docketing statement filed by Plaintiff-Appellant Michael Gibson Muir ("Muir") [Doc. 4][1] and object to certain statements in Muir's Docketing Statement.

---

[1]     Muir's docketing statement is captioned "Appellant's Jurisdictional Statement." For clarity, Defendants-Appellee's refer to it as the docketing statement required by Circuit Rule 3(c)(1), or "Muir's Docketing Statement."

In particular, Defendants-Appellees object to Muir's Docketing Statement because it incorrectly, and inappropriately, asserts a basis for the existence of federal question subject matter jurisdiction in the district court that was never raised in the court below. Further, Muir's Docketing Statement is incomplete in that it fails to identify the jurisdictional amount in controversy or the citizenship of each party to the litigation with respect to diversity jurisdiction. It is also incomplete with respect to whether Muir perfected his appeal for purposes of appellate jurisdiction.

## DISTRICT COURT JURISDICTION

Muir filed suit in the United States District Court for the Central District of Illinois (the "Central District"), case No. 1:20-cv-01280, and in his First Amended Complaint (the "FAC") he sought injunctive and monetary relief as a result of psychological and physical injuries he allegedly sustained during two encounters at TSA Security Screening checkpoints on August 9, 2018 in Mesa, Arizona and August 12, 2018 in Peoria, Illinois.

Muir's Docketing Statement alleges that his case originated in the Central District pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1332(a)(1) (diversity jurisdiction) and 1346(b)(1) (jurisdiction based on United States being a defendant). It further states, "Jurisdiction is based on the existence of a federal question regarding; [sic] 42 U.S.C. § 1983, 29 U.S.C. § 794, 49 U.S.C. § 40103, 49 U.S.C. § 44901, Amendments IV, V and XIV to the United States Constitution and the constitutional right to privacy found in *Griswold v Connecticut*, 381 U.S. 479 (1965)."

With respect to jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b), Defendants-Appellees clarify that the FAC asserted negligence and negligent infliction of emotional distress claims against the TSA pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, on the ground that the TSA failed to give him fair notice of the security screening process

and failed to sufficiently warn him of that process; claims under 42 U.S.C. § 1983 against Defend-ant-Appellee David P. Pekoske for violations of Muir's Fourth and Fifth Amendment constitu-tional rights in the course of the TSA screening encounters; and a claim under the Rehabilitation Act, 29 U.S.C. § 794 against TSA, Pekoske and Wolf based on alleged discrimination against Muir based on his hidden physical congenital disorder. However, the FAC alleged no violation of Muir's Fourteenth Amendment rights by the Federal Defendants-Appellees and Muir never raised this issue in briefings submitted to the Central District. Nevertheless, contrary to the FAC, Muir's Docketing Statement cites the Fourteenth Amendment to the United States Constitution as an ad-ditional basis for the existence of federal question jurisdiction as to his claims against the Federal Defendants-Appellees. Defendants-Appellees object to this jurisdictional reference raised incor-rectly and inappropriately in Muir's Docketing Statement for the first time.

Moreover, to the extent Muir's docketing statement avers that the Fourteenth Amendment provides a basis for federal question subject matter jurisdiction as to claims against L3 or Allegiant, Defendants-Appellees object because the FAC alleged no violation of Muir's Fourteenth Amend-ment rights by L3 or Allegiant and Muir never raised this issue in briefings submitted to the Central District.

Additionally, with regard to 28 U.S.C. § 1332(a)(1), because Muir's Docketing Statement is incomplete as to citizenship and the amount in controversy, Defendants-Appellees clarify the following. As to citizenship when the suit was filed (and now), L3 was a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Florida; Allegiant was a Nevada limited liability company—its sole member, Allegiant Travel Company, was existing as a corporation incorporated under the laws of the State of Nevada with its principal place of business in the State of Nevada; and Muir was a citizen of either the State of Illinois or

the State of Arizona.[2] As to the amount in controversy, it exceeds $75,000 as the FAC seeks $500,000,000 in compensatory damages against L3 and $200,000,000 in compensatory damages against Allegiant. Accordingly, the Central District had subject matter jurisdiction over Muir's tort claims against L3 and Allegiant because complete diversity exists and the amount in controversy exceeds the jurisdictional limits.

Alternatively, the Central District had subject matter jurisdiction over the tort claims asserted against L3 and Allegiant pursuant to its supplemental jurisdiction in accordance with 28 U.S.C. § 1367.

## APPELLATE JURISDICTION

As provided in Muir's Docketing Statement, the judgment that is sought to be reviewed by Muir was entered January 25, 2021, and Muir filed his Notice of Appeal in the Central District on February 19, 2021. However, Muir has not perfected his appeal. He has not paid the filing fee for his appeal, and his Fed. R. App. P. 24 Motion for Permission to Appeal *In Forma Pauperis* was denied by the Central District on March 11, 2021, which certified that, as of the date of this filing, the appeal was taken in bad faith.

## PRIOR OR RELATED APPELLATE PROCEEDINGS

Contrary to Muir's Docketing Statement, Defendants-Appellees clarify that there are no prior or related appellate proceedings related to this matter. Although Muir states in Muir's

---

[2]     Muir's Docketing Statement is incomplete in that he states only that his legal residence, but not his citizenship, is Bloomington, Illinois. *See also* FAC, 1:20-cv-01280, [ECF 12] at ¶ 10. His Form 4 Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis* discloses assets and connections with only Illinois and Arizona. *See* [ECF 53-1].

Further, subject matter jurisdiction over the Federal Defendants-Appellees was predicated on the independent basis of federal question, and the citizenship of the Federal Defendants-Appellees need not be considered. *See Kauth v. Hartford Ins. Co. of Illinois*, 852 F.2d 951, 958-59 (7th Cir. 1988); *see also Pacific Mut. Life Ins. Co. v. American Nat. Bank and Trust Co. of Chicago*, 642 F. Supp. 163, 167 (N.D. Ill. 1986).

Docketing Statement that there is one additional district court case "related to this appeal" that was previously filed in the United States District Court for the District of Arizona ("District of Arizona"), Case No. 2:19-cv-05887, Defendants-Appellees note that Muir voluntarily dismissed that action pursuant to Fed. R. Civ. P. Rule 41(a)(1)(A)(i) on August 6, 2020 and it was terminated by the District of Arizona on August 14, 2020. It was not the subject of prior or related appellate proceedings and it did not involve the same parties.

Dated: March 12, 2021                                 Respectfully Submitted,

                                                      KMA ZUCKERT LLC

                                                      */s/ Keith S. Yamaguchi*
                                                      Keith S. Yamaguchi
                                                      Marnie A. Holz
                                                      KMA ZUCKERT LLC
                                                      200 West Madison Street, 16th Floor
                                                      Chicago, Illinois 60606
                                                      Tel: (312) 345-3000
                                                      Fax: (312) 345-3119
                                                      kyamaguchi@kmazuckert.com
                                                      mholz@kmazuckert.com

                                                      *Attorneys for Defendant,*
                                                      *ALLEGIANT AIR, LLC*

                                                      */s/ Kimberly A. Klein*
                                                      Kimberly A. Klein
                                                      Assistant United States Attorney
                                                      United States Attorney's Office
                                                      211 Fulton Street
                                                      Peoria, Illinois 61602
                                                      Tel: (309) 671-7050
                                                      kimberly.klein@usdoj.gov

                                                      *Attorneys for Defendants-Appellees,*
                                                      *UNITED STATES TRANSPORTATION*
                                                      *SECURITY ADMINISTRATION,*
                                                      *DAVID PEKOSKE and CHAD F. WOLF*

*/s/ Richard C. Harris*
Michael G. McQuillen
Christopher J. Raistrick
Richard C. Harris
Adler Murphy & McQuillen LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Tel: (312) 345-0700
mmcquillen@amm-law.com
craistrick@amm-law.com
rharris@amm-law.com

*Attorneys for Defendant-Appellee,*
*L3 HARRIS TECHNOLOGIES, INC.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 12, 2021, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. Participants in this case who are CM/ECF users will be served by the CM/ECF system. I further certify that I caused a true and correct copy to be sent via United States Mail, first class and postage prepaid addressed to the pro se Plaintiff-Appellant:

*Plaintiff (Pro Se)*
Michael Gibson Muir
19 Inglewood Lane
Bloomington, Illinois 61704


*/s/ Keith S. Yamaguchi*
Keith S. Yamaguchi